IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE LUIS SOTO-GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION UNDER § 2255**<br><br><br>Case No. 2:08-CV-964 DB<br>*Related Case: 2:08-CR-34 DB* |

On December 12, 2008, federal prisoner Jose Luis Soto-Garcia filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. In his motion, Mr. Soto-Garcia seeks a court order reducing the sentence he received after pleading guilty in United States v. Soto-Garcia, Case No. 2:08-CR-34 DB (D. Utah).[1] Because Mr. Soto-Garcia waived his right to collaterally attack his sentence under § 2255, his motion is DENIED.

## BACKGROUND

---

[1]The court finds that a hearing would not materially assist the determination in this matter.

On March 20, 2008, Mr. Soto-Garcia pleaded guilty to the charge of Reentry of a Previously Removed Alien in violation of 8 U.S.C. § 1326, and as part of the plea agreement, Mr. Soto-Garcia accepted the benefit of this district's "fast track" program for illegal reentry cases.  More specifically, in exchange for Mr. Soto-Garcia's plea the government agreed: (1) to recommend that Mr. Soto-Garcia receive an appropriate reduction under U.S.S.G. § 3E1.1 for accepting responsibility for the offense; and (2) to recommend an additional two-level reduction in accord with the district's fast track program. (Statement by Def. in Advance of Plea of Guilty at ¶13 (b)(1)-(2)).  In return, Mr. Soto-Garcia agreed: (1) to waive his right to appeal or collaterally attack his sentence except for reasons of ineffective assistance of counsel; and (2) to refrain from filing a motion for a downward departure or variance from the applicable guideline range.  (Id. at ¶¶ 10(b)-(c), 13(a)(2)-(3)).

In addition to pleading guilty on March 20, 2008, in accord with the fast track program Mr. Soto-Garcia agreed to be sentenced that day as well.  According to the calculations in the Pre-Sentence Report, the total offense level for Mr. Soto-Garcia's conduct, post fast-track reduction, was a level 19.  (Doc. 19.)  Mr. Soto-Garcia's criminal history category was identified as category IV.  Based on his offense level and criminal history, the recommended applicable sentencing guideline range was 46-57 months.  However, despite the government's objection, the court departed downward citing an "over-representation of criminal history."  The court reduced Mr. Soto-Garcia's criminal history to a category III and sentenced him to 37 months, followed by 36 months of supervised release.

Mr. Soto-Garcia now seeks a further reduction of his sentence pursuant to § 2255.  He

claims that he is entitled to such relief because his status as an alien deprives him of "different privileges . . . like one (1) year reduction of sentence through a drug program three months half-way house to prepare to re-assimilate, a Unicor job, with good wages and other benefits." (Motion for Time Reduction, Dkt. No. 1 at 2.)  Mr. Soto-Garcia asserts that under these circumstances, his sentence violates his "equal protection rights" and "due process."  (Id.)

## DISCUSSION

"The right to bring a collateral attack under § 2255 is a statutory right."  United States v. Cockerham, 237 F.3d 1179, 1182-83 (10th Cir. 2001).  However, the waiver of such right "is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."  Id.; United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel with respect to plea agreement).

In his Statement in Advance of Plea, Mr. Soto-Garcia agreed that:

> I ... knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.

(Statement by Def. in Advance of Plea of Guilty (Dkt. No. 18 in 2:08-CR-34) at 4, ¶ 10(b).)  Mr. Soto-Garcia signed the Statement in Advance of Plea, acknowledging that he had been advised of and understood its contents, acknowledging that he had the right to ask the court any questions regarding his rights or the contents of the plea agreement, and specifying that he was satisfied with his attorney.  Given these facts, the court finds that Mr. Soto-Garcia voluntarily,

knowingly and intelligently entered into the plea agreement (and therefore the waiver) with the United States, and Mr. Soto-Garcia does not claim otherwise in his motion.

While recognizing that there are limited exceptions to the enforceability such waivers, see Clingman, 288 F.3d at 1186, there is no exception in this case. None of the grounds asserted in Mr. Soto-Garcia's motion relate in any way to the proceedings leading up to the entry of his guilty plea, to the validity of his plea agreement, or to the validity of the waiver. Because Mr. Soto-Garcia's motion challenges the length of his sentence, and because Mr. Soto-Garcia knowingly, voluntarily and expressly waived his right to challenge his sentence as part of his plea agreement, his § 2255 motion is DENIED.

Dated this 2nd day of February, 2009.

_Dee Benson_

Dee Benson
United States District Judge